UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| GLENDA TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:08CV35MLM |
| ) | |
| ORSCHELN FARM AND HOME, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Before the court is the Motion to Dismiss or, in the alternative, for Summary Judgment filed by Defendant Orscheln Farm and Home, LLC, ("Defendant"). Doc. 6. Plaintiff has filed a Response. Doc. 11. Defendant has filed a Reply. Doc. 12. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). Doc. 9.

**LEGAL STANDARD FOR A MOTION TO DISMISS**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

Upon considering a motion to dismiss a federal "court must accept as true all of the allegations in a complaint" that are applicable to legal conclusions. Ashcroft v. Iqbal, 129 S.Ct. 1937,

1950 (2009). However, pleadings which present "no more than conclusions, are not entitled to the assumption of truth." Id.

Further, in regard to a Rule 12(b)(6) motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ... see, e.g., ... Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

Twombly, 127 S. Ct. at 1964-65. See also Gregory v. Dillard's, Inc., 2009 WL 1290742 (8th Cir. May 12, 2009) (en banc) ("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims ..., rather than facts that are merely consistent with such a right.'") (quoting Stalley v. Catholic Health Initiative, 509 F.3d 517, 521 (8th Cir. 2007)).

### STANDARD FOR MOTION FOR SUMMARY JUDGMENT

The court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota,

2

Minn.& E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in its favor. Id. at 255; Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient." Id. at 252. With these principles in mind, the court turns to an analysis of Defendant'S motion.

## BACKGROUND

In her Complaint Plaintiff alleges that she was employed by Defendant from December 1988 until May 17, 2006; that, while working for Defendant, Plaintiff was verbally harassed by her immediate supervisor and by a managing coworker; that these verbal attacks focused on Plaintiff's age; that Plaintiff expressed her concerns regarding this harassment with "upper management, but her concerns were ignored"; that Defendant terminated Plaintiff on May 17, 2006, allegedly due to complaints by a customers; that Plaintiff filed a charge with the Equal Employment Opportunity

3

Commission ("EEOC") regarding her termination; and that she filed her Complaint in the matter under consideration within ninety days of receiving a Right to Sue Letter from the EEOC.

Plaintiff last worked for Defendant on May 10, 2006, and was paid through May 24, 2006. Doc. 6, Ex. 5, Miller Dec., ¶ 6. Plaintiff signed an EEOC Intake Questionnaire on March 19, 2007. The bottom of the Intake Questionnaire states that a claimant is signing and dating that form "under the penalty of perjury that the information provided in [the] document is true and correct." Doc. 6, Ex. 2. Plaintiff filed a Charge of Discrimination with the EEOC on October 17, 2007. Doc. 6, Ex. 3. The EEOC issued a Right to Sue Letter on April 29, 2008. The April 29, 2008 Right to Sue Letter states that the EEOC was closing its file on Plaintiff's charge because the "charge was not timely filed with the EEOC; in other words, [Plaintiff] waited too long after the date[s] of the alleged discrimination to file [her] charge." Doc. 1, Ex. 1

Plaintiff brings her cause of action with this court pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. In particular, Plaintiff alleges in her Complaint that Defendant discriminated against her on the basis of her gender and her age.

## APPLICABLE LAW AND DISCUSSION

Title VII and the ADEA require a plaintiff to exhaust her administrative remedies by filing a Charge of Discrimination with the EEOC. See Shannon v. Ford Motor Co., 72 F.3d 678, 684 (8th Cir.1996) (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir.1994)); Stuart v. Gen. Motors Corp., 217 F.3d 621, 630 (8th Cir. 2000). "Administrative remedies are exhausted by the timely filing of a charge and the receipt of a right-to-sue letter." Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002). Under Title VII and the ADEA a charge of discrimination must be filed within 300 days of the alleged unlawful employment practice. See Title

4

VII, 42 U.S.C. § 2000e-5(e)(1); ADEA, 29 U.S.C. § 626(d)(1). Defendant contends that Plaintiff failed to file a charge within this 300-day period.

The court must first determine when the 300-day period commenced running. Plaintiff stated on the Intake Questionnaire that she was terminated on May 24, 2006. It is undisputed, however, that May 24, 2006, was the date for which Plaintiff was last paid, not the date that she was terminated. In the Charge filed with the EEOC and in the Complaint filed with this court Plaintiff states that she was terminated on May 17, 2006. In an affidavit, Defendant's Human Resource Manager states that she told Plaintiff on May 10, 2006, that she was being removed from her Assistant Manager Position; that Plaintiff was offered another position at that time; that she declined the offer; and that Plaintiff's last day at work for Defendant was May 10, 2006. Doc. 6, Ex. 6, ¶ 5. The 300-day filing requirement begins to run when an employee learns of an adverse employment decision, not when the decision takes effect. Delaware State College v. Ricks, 449 U.S. 250, 258 (1980). See also Henderson v. Ford Motor Co., 403 F.3d 1026, 1132 (8th Cir. 2005) ("These causes of action accrue the date on which the adverse employment action is communicated to the employee."). The court finds, therefore, that the 300-day statutory period for filing a charge with the EEOC commenced running no later than May 17, 2006, the date Plaintiff alleges she was terminated.[1]

Second, the court must determine the date upon which Plaintiff filed a charge with the EEOC and whether the Intake Questionnaire filed by Plaintiff constitutes the filing of a charge for purposes of the 300-day filing requirement. The Supreme Court held in Edelman v. Lynchburg College, 535 U.S. 106 (2002), that a technically flawed charge of discrimination, which is later perfected, satisfies

---

[1] Arguably, the statute commenced running on May 10, 2007, as that is the date Plaintiff received notification of the termination decision. See Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1328 (8th Cir. 1995).

the 300-day filing requirement. Sifferman v. Board of Regents, Southeast Missouri State Univ., 250 F. Supp.2d 1139, 1143 (E.D. Mo. 2003).[2] The Court further held in Edelman that the complainant's "failure to sign and verify an EEOC intake questionnaire was not fatal because, under EEOC regulations, [the claimant] later perfected his charge of discrimination by filing a [] charge." Id. The Eastern District of Missouri has recently held that Edelman provides that a "charge information form meets the statutory requirements of an EEOC charge" where the form is signed under penalty of perjury. Henry v. Missouri Dept. of Transp., 2009 WL 995546, at *5 (E.D. Mo. Apr. 14, 2009). Language regarding perjury, which was recently added to EEOC's Intake Questionnaire, "essentially" eliminates any "difference between the formal charging document and the charge information forms." Henry, 2009 WL 995546, at *5 (citing Overall v. Smurfit-Stone Container Corp., 2008 WL 2952768, at *1-2 (E.D. Mo. July 30, 2008); Schlosser v. Westinghouse Electric Co. LLC, 2001 WL 1746574, at *3 (E.D. Mo. Dec. 18, 2001)). The court finds, therefore, that the Intake Questionnaire signed by Plaintiff on March 19, 2007, constitutes the filing of a charge with the EEOC.

The court will consider March 19, 2007, the date Plaintiff signed the Intake Questionnaire, as the date that Plaintiff filed a charge with the EEOC for purposes of determining whether the 300-day filing requirement was met. See Edelman, 535 U.S. 106; Henry, 2009 WL 995546, at *5; Sifferman, 250 F. Supp.2d at 1143. The March 19, 2007 Intake Questionnaire was filed 306 days after Plaintiff was terminated. Consequently, the March 19, 2007 Intake Questionnaire was an untimely filed charge, as stated by the EEOC in the Right to Sue Letter.

---

[2] The Eighth Circuit previously held that such a document does not constitute a valid charge for purposes of the statute of limitations. See Lawrence v. Cooper Cmtys., Inc., 132 F.3d 447, 450 (8th Cir. 1998) (citing Hodges v. Northwest Airlines, Inc., 990 F.2d 1030, 1032 (8th Cir.1993)).

Plaintiff contends that the 300-day filing requirement should be equitably tolled because she did not "realize" that her termination was discriminatory until "at least fifteen days after her termination," at which time "she was informed that" she was replaced by a "younger male." Doc. 11 at 4. Indeed, the filing of a timely charge with the EEOC may be subject to equitable tolling. See Shempert v. Harwick Chem. Corp., 151 F.3d 793, 797 (8th Cir. 1998) (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 383 (1982)). The statutory period for filing a timely charge with the EEOC is equitably tolled, however, only "when a reasonable person in the plaintiff's situation would not be expected to know of the ... violation." Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1329 (8th Cir.1995). "[E]quitable tolling is a remedy reserved for circumstances that are 'truly beyond the control of the plaintiff.'" Shempert, 151 F.3d at 797-98 (quoting Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir.1989)). When a plaintiff is "aware of the relevant facts" at the time of termination, the statute is not tolled. Dring, 58 F.3d at 1329. Thus, where at the time of her discharge, a plaintiff "had knowledge of facts [ ] sufficient to apprise her of the purported discrimination," the statute is not tolled. Henderson v. Ford Motor Co., 403 F.3d 1026, 1033 (8th Cir. 2005).

In the matter under consideration Plaintiff alleges in her Complaint that while she was employed by Defendant "[she] was subjected to frequent verbal harassment"; that "[m]any of these verbal attacks focused on [her] age"; that "verbal harassment on account of [her] age occurred in front of retail store staff"; and that Defendant "permitt[ed] members of management to state repeatedly to [Plaintiff] ... that she should be fired so a man [could] take her place." Doc. 1, ¶¶ 11, 12, 21(a)-(b). Also, in the March 19, 2007 Intake Questionnaire Plaintiff stated, under oath, that the "first time [that she] was discriminated against" was on April 3, 2006, and, under oath, in the Charge of Discrimination filed on October 17, 2007, Plaintiff stated that prior to her termination her store

7

manager told her on "several occasions" that he wanted "to hire a male for [her] position and harassed [her] because of [her] gender." Doc. 6, Ex. 2 at 2, Ex. 3.  As such, at the time of her termination Plaintiff was aware of the relevant facts and had knowledge of facts sufficient to apprise her of the purported discrimination. <u>Henderson</u>, 403 F.3d at 1033; <u>Dring</u>, 58 F.3d at 1329.  The court finds, therefore, that Plaintiff is not entitled to equitable tolling.

In summation, the court finds that the 300-day statute of limitations commenced running on May 17, 2007; that the Intake Questionnaire filed on March 19, 2007, was untimely; and that the 300-day filing period was not equitably tolled.  <u>See</u> <u>Faibisch</u>, 304 F.3d at 803.  The court further finds that there are no genuine issues as to any material fact in regard to the issue raised by Defendant and that Defendant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex</u>, 477 U.S. at 322.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss or, in the alternative, for Summary Judgment filed by Defendant is **GRANTED**, in part, and **DENIED**, in part; Doc. 6.

**IT IS FURTHER ORDERED** that Defendant's Motion is **GRANTED**, to the extent Defendant moves for Summary Judgment, and that Defendant's Motion is **DENIED**, as moot, to the extent Defendant moves for Dismissal; Doc. 1.

**IT IS FURTHER ORDERED** that a separate Judgment incorporating this Memorandum shall issue on this same date.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this <u>4th</u> day of June, 2009.